UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL JONES,

                              Plaintiff,

            v.

THE CITY OF NEW YORK, DeBLASIO, Former Mayor of New York City, ERIC GONZALEZ, Kings County District Attorney, ADA MARK HALE, Former head of Kings County CRU, and THE KINGS COUNTY CRU,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
22-CV-3686 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

    Michael Jones ("Plaintiff"), currently incarcerated at Walkill Correctional Facility, brings this *pro se* action against the City of New York, Bill DeBlasio, Eric Gonzalez, ADA Mark Hale, and the Kings County CRU ("Defendants"), pursuant to 42 U.S.C. § 1983, alleging malicious prosecution. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

**BACKGROUND**[1]

    On February 26, 1990, Plaintiff was convicted in the Supreme Court of New York, Kings County of two counts of second-degree manslaughter and one count of second-degree assault. (Compl. ¶ 14, ECF No. 1.) Plaintiff was sentenced to a term of imprisonment of 35 years to life, and he has been incarcerated since April 18, 1990. (*Id.* ¶¶ 8, 15.) On April 20, 2010, Plaintiff filed a motion to vacate his conviction pursuant to New York Penal Law § 440.10(g)-(h), arguing ineffective assistance of trial counsel, actual innocence, and violation of his rights under *Brady*.

---

[1] The following facts taken from the complaint (ECF No. 2) are assumed to be true for the purpose of this memorandum and order.

(*Id.* ¶ 16.)  Plaintiff's motion was denied without a hearing.  (*Id.* ¶ 17.)

Upon review by the New York Appellate Division, Second Department, the denial of Plaintiff's motion to vacate was remanded to the lower court for additional proceedings.  (*Id.* ¶ 18.)  Prior to the commencement of a hearing, ADA Hale requested that the proceedings be held in abeyance to allow the Kings County Conviction Review Unit ("KCCRU") to conduct a review of Plaintiff's case.  (*Id.* ¶ 20.)  An eight-month investigation ensued.  (*Id.* ¶ 21.)  Plaintiff alleges that he was ultimately denied relief because ADA Hale failed to interview all of Plaintiff's witnesses and otherwise ignored Plaintiff's evidence, including purported flaws in his criminal trial, allegations of witness perjury, prosecutorial misconduct, and concealment of evidence.  (*Id.* ¶ 21, 24.)  Plaintiff further alleges that Hale's role as the ADA assigned to the case underlying Plaintiff's conviction, created a conflict of interest that required Hale to recuse himself from reviewing Plaintiff's KCCRU case.  (*Id.* ¶ 42.)

Plaintiff claims that he sought assistance with the KCCRU investigation from Kings County District Attorney Gonzalez but was never given relief.  (*Id.* ¶¶ 26, 27.)  He claims further that Gonzalez created a policy that allowed the Kings County District Attorney's Office and the KCCRU to be the sole policy maker and operate with depraved and reckless conduct for years. (*Id.* ¶ 32.)  Plaintiff alleges that this conduct violated of his "First Amendment right to access to court [and] his Eighth Amendment right against cruel and unusual punishment."  (*Id.* ¶ 23.)  Plaintiff also claims that the City of New York, DeBlasio, and Gonzalez are responsible for allowing Hale to lead the KCCRU despite, according to Plaintiff, Hale's involvement with multiple criminal convictions that were later overturned for malfeasance.  (*Id.* ¶¶ 45–50.)

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of it, that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Of course, in reviewing the sufficiency of an IFP complaint, the Court is obliged to construe it liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims] that [it] *suggest*[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" given to *pro se* plaintiffs has its limits. *Id.* at 475 (citation omitted). To state a claim, a *pro se* complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

3

## DISCUSSION

Plaintiff's § 1983 claims are barred subject to *Heck v. Humphrey,* 512 U.S. 477(1994), which held that a state prisoner's § 1983 action is barred, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff alleges that he is innocent, is being illegally held and that the KCCRU should have exonerated him in 2014. In short, Plaintiff's claims call into question the validity of his conviction. Because Plaintiff's conviction has not been overturned or otherwise invalidated, *Heck'*s favorable termination rule bars Plaintiff's claims. Thus, the claims are dismissed without prejudice. *See Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (holding that dismissal under *Heck* is without prejudice.)

Further, to the extent Plaintiff seeks to be released from custody, the Court lacks the authority to grant such relief under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under § 1983); *Harvey v. Queens Cnty District Attorney*, No. 18-CV-5373, 2020 WL 837357, at *4 (Feb. 20, 2020) (citing *Geer v. Brown*, No. 14-CV-6172, 2015 WL 4042166, at *4 (E.D.N.Y. July 1, 2015).[2] And even if Plaintiff had a cognizable claim, it would be barred by the statute of limitations. That is, Plaintiff's § 1983 claims relate to KCCRU's review of his case in 2014. "Section 1983 actions filed in New York are ... subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *see also Okure v. Owens*, 816 F.2d 45, 47 (2d Cir. 1987) ("[T]he proper limitation to

---

[2] Plaintiff previously filed a petition for a writ of habeas corpus challenging his conviction. *See Jones v. Artuz*, No. 97-CV-2063 (NG), 2002 WL 31006171 (E.D.N.Y. Aug. 30, 2022) (petition denied on the merits. Judgment affirmed by Mandate, No. 02-2603 (2d Cir. June 16, 2004); *Jones v. Capra*, No. 18-CV-3756 (LDH) (Order dated July 11, 2018, transferring petition to the Second Circuit as second or successive. Application to file a second or successive petition denied by Mandate, No. 18-2075 (2d Cir. Sept. 26, 2018)).

4

apply to all section 1983 claims in New York is three years."), *aff'd*, 488 U.S. 235 (1989). Plaintiff did not file the instant action until June 17, 2022, past the three-year statute of limitations period.

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and mail a copy of this order to Plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      April 15, 2024

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge